United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41300
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE IBARRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-234-3
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jose Ibarra appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute more than 500 grams of cocaine. Ibarra argues generally that his sentence violates the Sixth Amendment rule announced in United States v. Booker, 125 S. Ct. 738 (2005), and also challenges the imposition of an enhancement based on his role as a leader or organizer pursuant to U.S.S.G. § 3B1.1, apparently both under Booker and on grounds of factual sufficiency.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the Government correctly argues, Ibarra signed a written plea agreement in which he expressly waived his right to appeal his sentence, reserving the right to appeal only a sentence imposed above the statutory maximum or an upward departure from the Sentencing Guidelines.  Although Ibarra failed to address the validity and scope of the waiver, we exercise our discretion to examine the waiver sua sponte.  See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).  The transcript of the guilty plea hearing demonstrates that Ibarra's appeal waiver was both knowing and voluntary and is, therefore, enforceable.  See United States v. Baymon, 312 F.3d 725, 729 (5th Cir. 2002).

Further, the waiver plainly bars Ibarra's appeal.  Neither Ibarra's Booker challenge nor his challenge to the sufficiency of the evidence supporting the § 3B1.1 enhancement falls within the scope of the two exceptions to the waiver.  See United States v. Bond, ___ F.3d ___, No. 04-41125, 2005 WL 1459641, at *3 (5th Cir. June 21, 2005) (sentence imposed in violation of Booker rule does not constitute sentence in excess of statutory maximum); United States v. McKinney, 406 F.3d 744, 746-47 (5th Cir. 2005) (sentence imposed in violation of Booker rule does not constitute upward departure); United States v. Gaitan, 171 F.3d 222, 223-24 (5th Cir. 1999) (a § 3B1.1 enhancement is not an upward departure).

As Ibarra's appeal waiver clearly precludes this appeal, and as Ibarra failed to raise any meritorious argument that the

waiver was invalid or otherwise inapplicable, we DISMISS the appeal as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

In light of the foregoing, we hereby ORDER Ibarra's counsel, Philip T. Cowen, to show cause why this court should not impose sanctions or otherwise discipline him for pursuing the appeal in light of his client's clear and unambiguous appeal waiver and for failing to address the waiver in either the initial or reply brief.  See Gaitan, 171 F.3d at 223; FED. R. APP. P. 46(c).  Cowen shall have 30 days from the date of this opinion to file a response.

APPEAL DISMISSED AS FRIVOLOUS; COUNSEL ORDERED TO SHOW CAUSE WITHIN 30 DAYS WHY SANCTIONS SHOULD NOT BE IMPOSED.