**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-30464
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY B DONAHUE,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CR-214-1

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bobby B. Donahue appeals the 210-month sentence he received after he pleaded guilty to four counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). He does not mention the appeal waiver that was part of his written plea agreement. Because the Government has invoked the waiver, this court considers whether it applies to bar Donahue's appeal. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, [this court] conduct[s] a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). A waiver is knowing and voluntary where the defendant indicates at the plea hearing that he has read and understands the plea agreement containing the waiver. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

The plea agreement was read in open court. Donahue confirmed that his signature appeared on the last page of the agreement. The district court reviewed the terms of the appeal waiver and ascertained that Donahue understood them. Donahue confirmed that his plea was knowing and voluntary. Thus, Donahue's waiver is valid. *See Bond*, 414 F.3d at 544. Donahue has not briefed, and has therefore waived, any argument that the exceptions to the waiver apply to his case. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000). In any event, the terms of the waiver unequivocally bar an appeal of the sentence except in cases of a departure, a sentence above the range calculated by the district court, or a sentence above the statutory maximum, none of which apply here.

Because the waiver is valid, the appeal is dismissed as frivolous. *See* 5th Cir. R. 42.2. Further, counsel is warned that the filing of an appeal despite a valid appeal waiver and failing to address the waiver in a reply brief after the Government has raised it wastes judicial resources and will invite sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.