**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-20911
Conference Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LOUIS GUZMAN GAITAN,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas**

_____

March 24, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

BY THE COURT:

Louis Guzman Gaitan pleaded guilty to conspiracy to possess with intent to distribute heroin. In his plea agreement, he waived the right to appeal his sentence unless it was based on an "upward departure" from the Sentencing Guidelines.

Douglas M. Durham was appointed to represent Gaitan on appeal. Although the district court did not make an upward departure, Gaitan, represented by Durham, challenged the two-level increase in Gaitan's base offense level, imposed pursuant to U.S.S.G. § 3B1.1(c), for Gaitan's role in the offense. Nor did Gaitan file a

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

reply brief in response to the assertion by the Government that the waiver precluded the appeal.

Based on the waiver, we dismissed Gaitan's appeal as frivolous. And, we ordered Durham to show cause why sanctions should not be imposed against him for pursuing Gaitan's appeal in the light of Gaitan's waiver and for failing to address the waiver in the appellate brief.

In response to the show-cause order, Durham asserts that he viewed the issue raised by Gaitan (claimed error for increasing Gaitan's offense level by two levels for his role in the offense) as falling within the exception to the waiver of appeal language in the plea agreement (for "upward departures" from the Sentencing Guidelines). He states that he did not address the waiver in his brief because he did not perceive it to be in issue.

Durham maintains that he treated the "upward adjustment" to Gaitan's offense level as an "upward departure", based on our court's statement in *United States v. Perkins*, 105 F.3d 976 (5th Cir. 1997), that "there is 'little functional difference' between an enhancement and an upward departure". *Id*. at 980-81 (quoting *United States v. Knight*, 76 F.3d 86, 88 (5th Cir. 1996)).

Although Durham is correct that our court has stated that there is little *functional* difference between an increase in offense level and an upward departure, we nevertheless have recognized that there are important differences. For example, the

district court must give a defendant notice of its intention to depart upward on a ground not identified as a ground for upward departure either in the presentence report (PSR) or in a prehearing submission by the Government. *See **Burns v. United States***, 501 U.S. 129, 138-39 (1991). But, such notice is not required for an upward adjustment to the offense level, because "[t]he Guidelines themselves put defense counsel on notice that all possible grounds for enhancement or reduction are on the table at a sentencing hearing". ***United States v. Knight***, 76 F.3d 86, 88 (5th Cir.) (district court not required to give defendant notice that it is considering rejecting PSR's recommendation for decrease in offense level for acceptance of responsibility and imposing two-level adjustment for obstruction of justice), *cert. denied*, 518 U.S. 1011 (1996).

***Perkins***, which cited ***Knight*** for the proposition that there is little functional difference between an upward adjustment and an upward departure, does not support Durham's position. At issue in ***Perkins*** was the propriety of an increase in Perkins' offense level pursuant to § 3B1.1(c), which authorizes a two-level increase in the offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving less than five participants. U.S.S.G. § 3B1.1(c). (Gaitan's appeal similarly challenges a § 3B1.1(c) upward adjustment; the adjustment was based on Gaitan's supervision of two individuals who delivered

heroin pursuant to his instructions.)  The commentary to § 3B1.1 states:

> To qualify for an *adjustment* under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants.  An *upward departure* may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

U.S.S.G. § 3B1.1, comment. (n.2) (emphasis added).  Perkins asserted, for the first time on appeal, that his management of assets of the organization did not warrant an upward departure.

Our court stated that, because Perkins did not exercise control over another participant, the district court erred by enhancing Perkins' sentence under § 3B1.1(c).  Nevertheless, it exercised its discretion not to correct the error, because the district court "could have validly departed upward based upon [Perkins'] management of the organization's assets", and Perkins had notice that the increase would be considered.  *Id*. at 980-81.

For § 3B1.1(c), other cases have also distinguished between upward adjustments and upward departures.  In ***United States v. Jobe***, 101 F.3d 1046 (5th Cir. 1996), *cert. denied*, ___ U.S. ___, 118 S. Ct. 81 (1997), the district court increased Novoa's offense level by two levels pursuant to § 3B1.1(c).  Our court vacated the sentence, because Novoa did not manage or supervise any other

- 4 -

criminal participant in the check kiting scheme. However, our court noted that its decision was "without prejudice to the possibility that an upward departure for Novoa's management responsibility over the assets involved in the check kiting might be warranted". *Id*. at 1068.

A similar distinction was recognized in *United States v. Giraldo*, 111 F.3d 21 (5th Cir.), *cert. denied*, ___ U.S. ___, 118 S. Ct. 322 (1997). There, the district court increased the defendant's offense level by two levels pursuant to § 3B1.1(c), based on the defendant's obtaining the $180,000 that completed the drug transaction. Our court stated:

> Insofar as the district court relied on the asset management exception to make an *upward adjustment* to the offense level, it misapplied the guidelines. That exception clearly applies to an *upward departure* only. The PSR expressly concludes that there were no aggravating or mitigating circumstances that would merit consideration for a *departure* in this case.

*Id*. at 24 (emphasis added). Nevertheless, our court did not vacate the sentence, because it concluded that the district court would have imposed the identical sentence based on the defendant's role as an organizer of other criminal participants.

Accordingly, counsel's reliance on the functional similarity between "upward adjustments" and "upward departures" to justify pursuing this appeal in the light of Gaitan's waiver of the right to appeal in the absence of an upward departure, is quite

- 5 -

misplaced.  At the very least, he should have explained such reliance in his brief.  And counsel certainly should have filed a reply brief.

**IT IS ORDERED** that, as a sanction for pursuing this appeal contrary to the waiver, Durham shall not receive any payment for services rendered and expenses incurred in this appeal.

*SO ORDERED*