IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51224
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO CHAVEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-913-2-DB
--------------------

September 17, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alejandro Chavez appeals his guilty-plea conviction for importation of marijuana in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). Chavez argues that the district court erred in using a juvenile adjudication to increase his criminal history score under § 4A1.2 of the United States Sentencing Guidelines. Chavez' plea agreement contains a provision in which Chavez waived his right to appeal his sentence unless the sentence was the result of an upward departure. We have reviewed the record

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and conclude that the waiver was informed and voluntary and is therefore binding on Chavez.  See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).  Chavez' argument that the district court erred in increasing his criminal history score on the basis of a juvenile adjudication under § 4A1.2 is barred by the waiver-of-appeal provision.  See Portillo, 18 F.3d at 292.  As to the sentencing issue, the appeal is dismissed.  See United States v. Gaitan, 171 F.3d 222, 223 (5th Cir. 1999); 5th Cir. R. 42.2.

Chavez also argues that he received ineffective assistance of counsel at the sentencing hearing because his counsel did not request a downward departure on the basis that the technical application of the Sentencing Guidelines overstated the seriousness of his criminal history.  To prove ineffective assistance, Chavez must show both that his counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's unprofessional errors, there is a reasonable probability the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984).  Regardless whether the assistance provided by Chavez' trial counsel was deficient, Chavez' claim must fail because he has not met his burden to show prejudice.  See United States v. Flores-Ochoa, 139 F.3d 1022, 1024-1025 (5th Cir.), cert. denied, 118 S. Ct. 2383 (1998).  As to the ineffective assistance of counsel issue, the judgment of the district court is affirmed. DISMISSED IN PART; AFFIRMED IN PART