IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30184
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICKEY D. DAVIS, also known as Rickey Davis,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CR-175-ALL-N
- - - - - - - - - -

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rickey D. Davis appeals his sentence following his guilty-plea conviction for one count of bank robbery.  As part of his plea agreement, Davis waived his right to appeal his sentence on any ground but reserved his right to appeal any punishment that was imposed in excess of the statutory maximum or that constituted an upward departure from the applicable guideline range.  Davis does not contend, nor does the record indicate, that his sentence was in excess of the statutory maximum or the

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

result of an upward departure.  In addition, Davis does not contend, nor does the record indicate, that the waiver of his right to appeal was not valid.  See <u>United States v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994).  His retained counsel, Stuart Vess, failed to address the waiver in the appeal brief and failed to file a reply brief in response to the Government's assertion of the waiver.  We warn counsel that pursuing frivolous appeals invites sanctions.  See <u>United States v. Gaitan</u>, 171 F.3d 222, 224 (5th Cir. 1999).

Accordingly, the instant appeal is barred by Davis's waiver of his right to appeal and is DISMISSED AS FRIVOLOUS.  See 5TH CIR. R. 42.2.