IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10955
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT DANIEL SALING, JR.,
also known as Robert Salines,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 7:98-CR-8-2

_____

May 18, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert Daniel Saling, Jr., appeals his conviction and sentence following his plea of guilty to tampering with a witness under 18 U.S.C. §§ 1512(b) and 2. Saling asserts that the government breached the plea agreement by moving for an upward departure. An upward departure is not a "prosecution" such that the plea provision forbidding the government from undertaking "future prosecution" for related acts would be violated. Saling also

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that because the plea agreement contained a provision stating that his sentence would be imposed under the Sentencing Guidelines, an upward departure is not a sentence under the guidelines and constitutes a breach of the agreement. This argument is directly foreclosed by United States v. Ashburn, 38 F.3d 803, 808 (5th Cir. 1994)(en banc).

Saling asserts that the court abused its discretion in denying his motion to withdraw his guilty plea. He asserts that the court erroneously found that two of the relevant factors did not apply to him. Even assuming Saling had protested his innocence, that factor alone was insufficient to permit withdrawal from the guilty plea. See United States v. Bond, 87 F.3d 695, 701 (5th Cir. 1996). Saling also maintains that his motion to withdraw was timely because he was unaware that the government would move for an upward departure. Saling's motion was filed the morning of the sentencing hearing and over two months after the government filed its motion. Saling has not shown that the district court abused its discretion in denying his motion to withdraw. See United States v. Brewster, 137 F.3d 853, 857 (5th Cir.), cert. denied, 525 U.S. 908 (1998).

Saling finally contends that the district court erred in imposing an upward departure for obstruction of justice. Saling has waived his right to appeal his sentence except in certain limited circumstances. This waiver was made knowingly and

voluntarily.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).  Although the district court informed Saling at sentencing that he had a right to appeal his sentence, any confusion arising at sentencing would have no effect on the validity of a guilty plea.  United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).

A plain reading of the sentencing transcript reveals that the court did not impose an upward departure for obstruction of justice; it instead granted an implicit objection raised by the Government and applied the two-point enhancement for obstruction of justice permitted under U.S.S.G. § 3C1.1.  Such an enhancement is not appealable under an upward-departure exception to a waiver-of-appeal provision.  See United States v. Gaitan, 171 F.3d 222, 224 (5th Cir. 1999).  The district court did impose an upward departure based upon Saling's violent and extensive criminal history.  An exception to the waiver provision exists for upward departures to the extent they depart from the "guideline range deemed most applicable by the sentencing court." However, Saling cannot challenge this upward departure because it was not outside the guideline range the sentencing court found "most applicable." Saling has shown no error by the district court on appeal.  His conviction and sentence are

A F F I R M E D.