IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50060
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL RAMIREZ-RAMIREZ, also
known as Hector Rodriguez-Lopez, also
known as Hector Lopez-Rodriguez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-329-ALL
--------------------
January 21, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Court-appointed counsel for Juan Manuel Ramirez-Ramirez

("Ramirez"), Raymundo Aleman, has filed a motion to withdraw and

a brief pursuant to Anders v. California, 386 U.S. 738 (1967).

Ramirez was sent a copy of counsel's motion and brief, but he has

not filed a response.  Our review of the brief filed by counsel

and of the record discloses no nonfrivolous point for appeal.

Accordingly, the motion for leave to withdraw is GRANTED, counsel

is excused from further responsibilities with respect to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

representation of Ramirez, and the APPEAL IS DISMISSED.  See 5TH
CIR. R. 42.2.

Although it is clear that Ramirez's appeal presents no
nonfrivolous issues, counsel's work in this appeal was of no
assistance to this court in determining that such was the case.
First, counsel initially filed his motion to withdraw and Anders
brief unaccompanied by a transcript of the rearraignment hearing
at which Ramirez entered his guilty plea.  In this court's June
6, 2001, order denying the initial motion without prejudice, this
court noted that without such transcript it could not determine
whether counsel had satisfied his obligations under Anders and
could not conduct an independent examination of the record.  The
court also emphasized that Ramirez had executed a plea agreement
containing a provision by which Ramirez waived his right to
appeal his sentence.  Although this order did not explicitly
direct counsel to address the waiver issue, the reference to the
waiver-of-appeal provision should have been sufficient to alert
counsel that the issue warranted counsel's attention in his
supplemental Anders brief.  Instead, counsel neglected to address
the effect of the waiver provision in his supplemental brief,
even though one of the issues raised therein--a contention that
Ramirez's sentence was not in conformity with the Sentencing
Guidelines--was possibly precluded by Ramirez's waiver of his
right to appeal his sentence.  See United States v. Melancon, 972
F.2d 566, 567 (5th Cir. 1992) (defendant may waive his right to
appeal as part of a plea agreement if waiver if voluntary and
knowing).  Finally, the issues set forth in counsel's

<u>Anders</u> brief, which are almost identical to those raised in his initial brief, are facially frivolous; counsel ignored more relevant issues, such as whether the district court complied with FED. R. CRIM. P. 11 at Ramirez's sentencing or with FED. R. CRIM. P. 32 at sentencing.

Aleman is ordered to show cause, within 15 days from the date of this opinion, why this court should not order that he not receive payment for services rendered and expenses incurred in this appeal.  <u>See</u> <u>United States v. Gaitan</u>, 171 F.3d 222, 223 (5th Cir. 1999) (imposing sanction for pursuing appeal on sentencing issues contrary to a waiver-of-appeal provision in defendant's plea agreement).

APPEAL DISMISSED; COUNSEL ORDERED TO SHOW CAUSE.