IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31166
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID VAUGHN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-55-2-N
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

In this direct appeal of David Vaughn's conviction for conspiracy to distribute cocaine base, the Government argues that Vaughn's waiver-of-appeal provision in his plea agreement requires dismissal of this appeal. Vaughn argues that the waiver-of-appeal provision in his plea agreement should be barred as a matter of public policy. He argues that the waiver language in his plea agreement was less than clear, especially in light of his youth and limited education.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). An informed waiver of the right to appeal does not implicate any constitutional rights, and Vaughn has not provided any authority supporting his argument that waiver-of appeal provisions are generally against public policy. Id. at 569-70.

During Vaughn's rearraignment, the district court reviewed the plea agreement and explained to Vaughn that he was waiving his right to appeal his sentence, except for the two exceptions listed in the plea agreement. Vaughn indicated that he understood the waiver provision and did not raise any questions about the waiver or any other terms of the plea agreement, although given several opportunities to do so. The record reflects that Vaughn freely and voluntarily waived his right to appeal his sentence, except for an upward departure from the guideline sentencing range or a sentence above the statutory maximum.

Insofar as Vaughn argues that he did not waive his right to appeal the adjustment of his offense level for the obstruction of justice because it constitutes an upward departure, such argument is foreclosed by this court's decision in United States v. Gaitan, 171 F.3d 222, 223 (5th Cir. 1999).

Because Vaughn's waiver of the right to appeal his sentence is enforceable, the appeal is DISMISSED for lack of jurisdiction. See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).

DISMISSED.