IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40909
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO SALAS-RODRIGUEZ, also known as Javier
Rodriguez-Rodriguez, also known as Enoc Lopez-Rodriguez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-134-1
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Antonio Salas-Rodriguez ("Salas") appeals the 46-month
sentence imposed following his guilty plea, pursuant to a plea
agreement, to illegal reentry into the United States after
deportation following conviction of an aggravated felony, in
violation of 8 U.S.C. § 1326.  Salas' plea agreement waived his
right to appeal his sentence except, inter alia, an "illegal"
sentence pursuant to 18 U.S.C. § 3742(a)(1).  Salas' court-

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appointed counsel has not briefed the applicability of the appeal-waiver provision. The Government does not seek to enforce the appeal waiver. Salas' appellate brief asserts that his sentence violated the Eighth Amendment and that the enhanced penalties imposed pursuant to U.S.S.G. § 2L1.2 violate the Equal Protection Clause because the sentencing guidelines treat convicted-felon aliens differently from convicted-felon citizens.

Salas' Eighth Amendment argument is foreclosed by this court's precedent. See United States v. Cardenas-Alvarez, 987 F.2d 1129, 1134 (5th Cir. 1993) (rejecting disproportionality challenge to 100-month sentence for illegal reentry).

Salas' equal-protection claim is specious; aliens who are convicted of illegally reentering the United States after deportation following a felony conviction are not similarly situated to United States citizens with prior felony convictions. See United States v. Cronn, 717 F.2d 164, 169 (5th Cir. 1983) ("The essence of an equal protection claim is that other persons similarly situated as is the claimant unfairly enjoy benefits that he does not or escape burdens to which he is subjected."). The § 2L1.2 enhancement provision does not violate equal protection because it "treat[s] all persons with aggravated felonies who commit this crime equally." Cardenas-Alvarez, 987 F.2d at 1134.

Although Salas' appellate arguments amount to a superficial assertion that his sentence was "illegal" and therefore

appealable under an exception to the appeal waiver, his claims of illegality have no merit.  This appeal is frivolous, and it is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Philip T. Cowan, Salas' attorney on appeal, is cautioned that the filing of frivolous appeals may subject counsel to sanctions, which may include not receiving payment for services rendered and expenses incurred in the appeal.  See United States v. Gaitan, 171 F.3d 222, 222-24 (5th Cir. 1999).

APPEAL DISMISSED.