IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50888
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL ISIDRO SOTELO LOPEZ, also known as El Bigotes,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1129-2-DB
- - - - - - - - - -
September 24, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Daniel Isidro Sotelo Lopez (Sotelo) appeals his sentence for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. 21 U.S.C. § 841(a)(1), 846. He argues that he should not have been held accountable for marijuana involved in his brothers' separate conspiracy. See U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1B1.3.  He does not address his waiver, pursuant to his plea agreement, of his right to appeal.

The record demonstrates that Sotelo's appeal waiver was informed and voluntary.  United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).  The only appeal rights reserved by Sotelo were (1) the right to appeal his eligibility for departure from the minimum mandatory pursuant to 18 U.S.C. § 3553(f), (2) the right to appeal any upward departure imposed pursuant to U.S.S.G. § 5K2.0, and (3) the right to raise constitutional challenges to the effectiveness of counsel or to prosecutorial misconduct by way of a collateral attack under 28 U.S.C. § 2255.  Id. at 7-8.  Sotelo's argument that he should not be held accountable for relevant conduct is not an appeal basis excepted from the waiver.  It does not represent an upward departure, see United States v. Gaitan, 171 F.3d 222, 223-24 (5th Cir. 1999), and this direct appeal does not qualify as a collateral attack on the effectiveness of counsel or on the prosecutor's conduct.

Although the Government asserted the appeal waiver in its brief, defense counsel did not file a reply brief.  He has therefore failed to address the threshold issue before this court.

APPEAL **DISMISSED**.