United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20136
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CANDIDO ESCOBAR

Defendant - Appellant

_____

On Appeal from the United States District Court for the
Southern District of Texas
(H-02-CR-79-4)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review Candido Escobar's (hereinafter, "Escobar") conviction for 1)

aiding and abetting and attempting to conceal, harbor, and shield illegal aliens for financial gain;

and 2) conspiring to seize and detain a Mexican national in order to compel others to pay a sum of

-----

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

money for his release. For the following reasons, we dismiss the appeal and order counsel to show cause.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Escobar plead guilty to 1) aiding and abetting and attempting to conceal, harbor, and shield illegal aliens for financial gain; and 2) conspiring to seize and detain a Mexican national in order to compel others to pay a sum of money for his release. The plea agreement stated that Escobar waived his right to appeal his sentence except in cases where his sentence was imposed above the statutory maximum or where it resulted from an upward departure not requested by the government.

In the presentence report, the probation officer calculated Escobar's offense level by applying a six-level enhancement because the second count involved a ransom demand. Escobar objected to the six-level enhancement, but the district court overruled his objection and sentenced him to two concurrent terms of 87 months' imprisonment and two concurrent terms of 5 years' supervised release. This appeal timely followed.

III.

WAIVER OF RIGHT TO APPEAL

Escobar waived his right to appeal unless his sentence was in excess of the statutory minimum or involved an upward departure not requested by the government. The six-level enhancement for demanding a ransom does not involve either exception to the plea agreement. *United States v. Gaitan*, 171 F.3d 222, 223 (5th Cir. 1999); *United States v. Ho*, 311 F.3d 589, 610 (5th Cir. 2002); *United States v. Martinez*, 274 F.3d 897, 900 (5th Cir. 2001).

At Escobar's Rule 11 hearing, he indicated that he understood everything in the plea agreement and that he had no questions about it.  Escobar does not argue that his plea was made unknowingly or involuntarily.  *United States v. Baymon*, 312 F.3d 725, 727-29 (5th Cir. 2002); 5th Cir. R. 42.2.  Thus, Escobar's appeal is dismissed.

## III.

## SANCTIONS

Escobar's court-appointed counsel, Andrew J. Williams, did not address the waiver-of-appeal provision in the plea agreement in his brief to this court.  He also failed to file a reply brief responding to the government's argument that Escobar had waived his right to appeal.   Thus, Williams is ordered to show cause within 15 days of the date of this opinion why sanctions should not be imposed upon him.  *Gaitan*, 171 F.3d at 222-24.

## IV.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal and order counsel to show cause.