**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20107
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

STEPHEN MICHAEL JOHNSTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-142-4
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Stephen Michael Johnston appeals his conviction following
his guilty plea to possession of child pornography in violation
of 18 U.S.C. § 2252A(a)(5)(B).  The Government's motion to strike
Johnston's brief is DENIED.

    Johnston was entitled to an extension of time in which to
file an appeal because his lawyer's failure to file a timely
appeal upon Johnston's request to do so constituted "excusable
neglect" under FED. R. APP. P. 4(b)(4).  See United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Clark, 191 F.3d 845, 846 (5th Cir. 1999); Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  Thus, Johnston's notice of appeal, filed on January 10, 2003, is timely based in excusable neglect.

Johnston's guilty plea was knowing and voluntary.  See United States v. Vonn, 122 S. Ct. 1043, 1046 (2002).  Johnston has either waived the remaining issues he raises on appeal by virtue of his valid guilty plea (see United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002); United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000)), or has abandoned them by failing to brief them adequately.  See United States v. Torres-Augilar, 352 F.3d 934, 936 n.2 (5th Cir. 2003).

Counsel is WARNED that filing frivolous appeals invites the imposition of sanctions.  See United States v. Gaitan, 171 F.3d 222, 224 (5th Cir. 1999).

AFFIRMED.