# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2010

Lyle W. Cayce
Clerk

No. 09-50900
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO RIOS-ESCONTRIAS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:09-CR-156-1

Before GARWOOD, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Antonio Rios-Escontrias appeals his 46-month sentence imposed following his guilty plea to aiding and abetting in the possession with intent to distribute 50 kilograms or more, but less than 100 kilograms of marijuana. Rios-Escontrias argues that the district court abused its discretion in imposing a sentence at the top of the guidelines range based on uncorroborated information concerning relevant conduct. According to Rios, his sentence was greater than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to meet the purposes of 18 U.S.C. § 3553(a) and was thus unreasonable.

The Government argues that Rios-Escontrias knowingly and voluntarily agreed to waive his right to appeal his sentence in the plea agreement and, thus, the appeal should be dismissed.

A review of the record indicates that Rios's waiver was both knowing and voluntary because he indicated that he had reviewed and understood the waiver provision. *See United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005). While recognizing the existence of the waiver provision, Rios has not challenged its validity on appeal, and he has not asserted that he is appealing based on the exceptions to the appeal waiver. Thus, he has waived any argument with respect to the application of the waiver. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

Because the waiver is valid, the appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir, 1983); 5th Cir. R. 42.2. Further, counsel is warned that the filing of an appeal contrary to an appeal waiver is a needless waste of resources and could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.