# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

No. 09-20517
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE GONZALEZ-VILLEGAS, also known as Jorge Villegas Gonzalez, also known as Federico Sanchez Benitez, also known as Jorge Villegas Gonzales,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-161-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Gonzalez-Villegas (Gonzalez) appeals the 46-month sentence imposed following his guilty-plea conviction for illegal reentry. Gonzalez argues that the district court erroneously calculated his criminal history score by assigning points to two expired convictions which should not have been considered under the Guidelines. Gonzalez contends that he should have been placed in category III rather than category IV with respect to his criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history score and that his guidelines range should have been 46-57 months. Gonzalez further argues that the error is not harmless because the court downwardly departed and would likely have departed to a category II criminal history score if the guidelines range had been properly calculated.

The Government argues that there is no relief available to Gonzalez on appeal. The Government notes that Gonzalez's written objections regarding his criminal history score were sustained by the district court and Gonzalez's guidelines range was recalculated with a category III criminal history score. Gonzalez did not file a reply brief.

A review of the record indicates that the district court granted the relief which Gonzalez now seeks. The district court agreed with Gonzalez at the sentencing hearing that a 1997 reentry date could not be used as the date the instant offense was committed. Therefore, the two criminal history points associated with 1990 and 1991 convictions and two additional criminal history points assigned under U.S.S.G. § 4A1.1(d) were not counted. The district court adopted the presentence report as modified with a criminal history category III and noted that the guidelines range was 46-57 months. Gonzalez's request for a downward departure was explicitly rejected by the district court. The district court imposed a sentence within the guidelines range and commented that the sentence accomplished the objectives of 18 U.S.C. § 3553(a).

The error of which Gonzalez now complains was resolved in his favor by the district court. His appeal is wholly without merit and frivolous and therefore is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Further, counsel is warned that the filing of an appeal raising a frivolous issue is a needless waste of resources and could result in the imposition of sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED; SANCTION WARNING ISSUED.

2