# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 13-50200
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL ANGELO ARELLANO, also known as Rene Sanchez, also known as Gilbert Sanchez,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2986-1

————————————

Before KING, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:[*]

Michael Angelo Arellano appeals the 180-month sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute more than 100 kilograms of cocaine. Arellano contends (1) that the district court erred by departing upward from the guidelines range of 120 to 125 months based on his criminal history, and (2) that his counsel rendered

————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective assistance by failing to file written arguments against the departure and failing to advise him of the mandatory minimum sentence he faced by pleading guilty.

As the Government contends, Arellano's plea agreement contains a waiver of Arellano's right to appeal his sentence on any grounds, with an exception for sentencing claims based on ineffective assistance of counsel or prosecutorial misconduct. His appeal of the upward departure falls squarely within the unambiguous terms of the waiver. However, Arellano does not address the waiver in his brief, nor did he file a reply brief to answer the Government's waiver arguments. He makes conclusory assertions that his plea was invalid, but he offers no citation to the record and no meaningful analysis. Thus, Arellano effectively has abandoned any challenge to the waiver's validity. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).

The record is not sufficiently developed to consider Arellano's ineffective assistance of counsel claim, and Arellano offers no argument to the contrary. Thus, we decline to address it, without prejudice to his ability to raise it in a postconviction proceeding. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

For the foregoing reasons, the appeal is dismissed. Further, we caution counsel that pursuing an appeal contrary to a valid waiver and failing to address the waiver in a reply brief after it was raised in the Government's brief constitute a needless waste of judicial resources and will invite sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999). Similarly, the failure to provide citations to the record and to offer legal analysis beyond conclusory arguments also constitutes grounds for sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 809-18 (5th Cir. 1988) (per curiam).

APPEAL DISMISSED; SANCTION WARNING ISSUED.