# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20299
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LUIS ANTONIO YANTEN-MORA, also known as Louis Antonio Mora, also known as Jose Manuel Moraleslopez, also known as Valencia Nilson, also known as Luis Antonio Yanten Mora, also known as Miguel Valencia-Mora, also known as Antonio Franklin, also known as Tony Mora, also known as Jair Humberto Valenciacastillo,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-779-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Luis Antonio Yanten-Mora appeals the 57-month sentence imposed following his guilty plea conviction for illegally reentering the United States after having been removed.  For the first time, Yanten-Mora argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in denying the Government's recommendation that he receive a departure under U.S. Sentencing Guidelines Manual § 5K3.1 and that the district court failed to sufficiently articulate its reasons for imposing the above-Guidelines sentence.

The Government asserts that the appeal waiver bars this appeal. As part of his plea agreement, Yanten-Mora agreed to "knowingly and voluntarily waive[] the right to appeal the conviction and the sentence imposed or the manner in which it was determined."

Yanten-Mora does not address the validity of the waiver in his brief, nor has he filed a reply brief to answer the Government's waiver argument. Thus, given the plain language of the waiver and Yanten-Mora's written certification that he read, understood, and "carefully reviewed every part of" the plea agreement with his attorney, the appeal waiver bars the instant appeal. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Further, defense counsel is cautioned that pursuing an appeal contrary to a valid waiver and failing to address the waiver in a reply brief after it was raised in the Government's brief constitute a needless waste of judicial resources and could result in the imposition of sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

Accordingly, because Yanten-Mora's appeal of his sentence is without merit, the appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2.