# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40963
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE LIRA-MIRANDA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-235

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Noe Lira-Miranda appeals the sentence imposed following his guilty plea conviction to conspiracy to transport illegal aliens. The guilty plea was made pursuant to a plea agreement wherein Lira-Miranda waived the right to appeal his sentence, reserving only the right to appeal a sentence above the statutory maximum or an upward departure not requested by the Government. Lira-Miranda was sentenced within the guidelines range to the statutory maximum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 120 months of imprisonment, to be followed by three years of supervised release.  On appeal, Lira-Miranda challenges the enhancements applied to his sentence under U.S.S.G. §§ 2L1.1(b)(2)(B), 2L1.1(b)(5)(B), 2L1.1(b)(8)(A), and 3C1.1.  His challenges to the application of sentence enhancements do not fall within an exception to the appeal waiver because the sentence is not an upward departure.  *See United States v. Gaitan*, 171 F.3d 222, 222-24 (5th Cir. 1999).

The Government invokes the appeal waiver and seeks a dismissal of the appeal.  A review of the record indicates that the appeal waiver was unambiguous, that Lira-Miranda knowingly and voluntarily waived his right to appeal his sentence, and that his claims of error regarding his sentence are barred by the appeal waiver.  *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014), *cert. filed*, No. 14-256 (Aug. 29, 2014).  Additionally, the district court's statements at sentencing did not negate the appeal waiver.  *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992).  Furthermore, a district court does not have the authority to accept a plea agreement while striking the appeal waiver provision.  *See United States v. Serrano-Lara*, 698 F.3d 841, 844-45 (5th Cir. 2012).

Accordingly, the appeal is DISMISSED.