# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50028
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL RENE HERNANDEZ, also known as Angel Hernandez, also known as Angel Renee Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-538-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Angel Rene Hernandez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and was sentenced to 144 months in prison. He contends for the first time on appeal that the district court erred in assigning criminal history points to two of his prior convictions. The Government urges us to enforce the appellate waiver in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50028

the plea agreement.  Hernandez does not address the appeal waiver in his opening brief, and he has not filed a reply brief to respond to the Government's argument.  We review the validity of the appeal waiver de novo.  *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

Hernandez waived his right to appeal his sentence unless it was the result of an upward departure, ineffective assistance of counsel, or prosecutorial misconduct.  The waiver was knowing and voluntary, as the record shows that Hernandez knew of his right to appeal and that he was giving up that right in the plea agreement.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  Because the plain language of the waiver provision applies to Hernandez's challenge to his criminal history category, we enforce the waiver.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Counsel for Hernandez is cautioned that pursuing an appeal contrary to a valid waiver is a needless waste of judicial resources that could result in sanctions.  *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

AFFIRMED.