# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2016

Lyle W. Cayce
Clerk

No. 15-10702
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL MUNOZ-HUERTA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-30-4

————

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written agreement with the Government, Miguel Munoz-Huerta pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. He was sentenced to 235 months of imprisonment and five years of supervised release. Munoz-Huerta appeals, claiming he received ineffective assistance of counsel. He also claims that the district court erred by applying a sentence enhancement for possession of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dangerous weapon and by not reducing his sentence based on acceptance of responsibility.   The Government has moved to dismiss Munoz-Huerta's sentencing claims as barred by his plea agreement and to dismiss his ineffective assistance of counsel claims on the grounds that they are not ripe for review.

As part of his plea agreement, Munoz-Huerta waived his right to appeal his sentence unless his sentence exceeded the statutory maximum punishment or contained an arithmetic error, which it did not.  Munoz-Huerta's arguments that the district court erred in applying an enhancement and failed to apply a reduction are barred by the waiver-of-appeal provision in his plea agreement. Accordingly, as to the sentencing issues, the Government's motion is GRANTED, and Munoz-Huerta's appeal is DISMISSED.  *See United States v. Gaitan*, 171 F.3d 222, 223 (5th Cir. 1999); 5TH CIR. R. 42.2.

Munoz-Huerta's plea reserved his right to bring a claim of ineffective assistance of counsel.  However, Munoz-Huerta cannot raise for the first time on direct appeal an ineffective assistance of counsel claim that was not developed in the district court.  *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  Such claims are dismissed without prejudice to their pursuit in a collateral proceeding.  *Id.*  This is the case regarding Munoz-Huerta's claims that are based on his attorney not properly objecting to either the dangerous weapon enhancement or the court's denial of an acceptance of responsibility reduction.   Munoz-Huerta's ineffective assistance claims are, therefore, DISMISSED without prejudice.