# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60212
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR MIGUEL DIAZ-OSUNA, also known as Pariente,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 5:13-CR-13-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Miguel Diaz-Osuna appeals from his judgment of conviction and sentence following his jury trial conviction of conspiracy to cause a riot in a federal prison and his guilty plea conviction of voluntary manslaughter of a federal prison guard. Diaz-Osuna challenges only the jury trial conviction, arguing that that the evidence was insufficient and that the district court erred in giving an *Allen*[1] charge. The Government moves to dismiss the appeal or,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Allen v. United States*, 164 U.S. 492, 501 (1896).

No. 16-60212

alternatively, for summary affirmance based on the appeal waiver in Diaz-Osuna's plea agreement.  Diaz-Osuna's opening brief did not address the waiver and he has not responded to the Government's argument.

We review de novo whether an appeal waiver bars an appeal.  *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  Diaz-Osuna's waiver was knowing and voluntary as the record shows that he knew he had the right to appeal and that he was giving up that right by entering the plea agreement.  *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).  Also, the waiver plainly applies to his challenge to his jury trial conviction.  *See id.*  Accordingly, we GRANT the Government's motion to dismiss and DENY the alternative motion for summary affirmance.  Counsel for Diaz-Osuna is cautioned that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources and could result in sanctions.  *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.