# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41672
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　　　　　　　　　Plaintiff—Appellee,

v.

SALVADOR CARRILLO-MENDOZA,

　　　　　　　　　　　　Defendant—Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-172-11

Before JONES, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Salvador Carrillo-Mendoza appeals the 121-month sentence imposed following his guilty plea conviction for conspiracy to possess with the intent to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). The Government has moved to dismiss the appeal based on the appeal waiver in Carrillo-Mendoza's plea agreement or, in the alternative, for an extension of time to file a brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41672

The validity of an appeal waiver is a question of law that this court reviews de novo. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005). During his plea colloquy, Carrillo-Mendoza confirmed that he had read the plea agreement, discussed it with his attorney, and understood its terms. He confirmed that he understood the appeal waiver provision and its exceptions and assured the court that he was voluntarily waiving his right to appeal. Based on our review of the record, Carrillo-Mendoza's appeal waiver was knowing and voluntary and, therefore, is enforceable. *See United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir. 2014); FED. R. CRIM. P. 11(b)(1)(N).

Carrillo-Mendoza waived the right to appeal his conviction and sentence "on all grounds," except that he retained the right to challenge any sentence in excess of the statutory maximum and the right to raise a claim of ineffective assistance of counsel. His current challenge to the substantive reasonableness of his below-guideline sentence does not fall within either of the limited exceptions to the appeal waiver.

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and its alternative motion for an extension of time to file a brief is DENIED. Counsel for Carrillo-Mendoza is CAUTIONED that pursuing an appeal contrary to a valid waiver without responding to the Government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).