# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL CASTRO-JIMENEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-4-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rafael Castro-Jimenez appeals the 24-month sentence imposed following his guilty plea conviction for interstate travel in aid of unlawful activity in violation of 18 U.S.C. § 1952. The Government has moved to dismiss the appeal based on the appeal waiver in Castro-Jimenez's plea agreement or, in the alternative, for summary affirmance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60351

The validity of an appeal waiver is a question of law that this court reviews de novo. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005). During his plea colloquy, Castro-Jimenez confirmed that he had read the plea agreement, discussed it with his attorney, and understood its terms. He confirmed that he understood the appeal waiver provision and its exception and assured the court that he was voluntarily waiving his right to appeal. Based on our review of the record, Castro-Jimenez's appeal waiver was knowing and voluntary and, therefore, is enforceable. *See United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir. 2014); FED. R. CRIM. P. 11(b)(1)(N).

Castro-Jimenez waived the right to appeal his conviction and sentence "on any ground whatsoever," except that he retained the right to raise a claim of ineffective assistance of counsel. His current challenges to the district court's alleged errors in denying him a reduction in his offense level for his minimal role in the offense and in denying him a downward departure do not fall within the limited exception to the appeal waiver.

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and its alternative motion for summary affirmance is DENIED. Counsel for Castro-Jimenez is CAUTIONED that pursuing an appeal contrary to a valid waiver without responding to the Government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.