# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60404
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMON DERRALL PITTMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CR-52-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Damon Derrall Pittman appeals following his guilty plea conviction of receiving or possessing a firearm made in violation of Chapter 53 of Title 26 of the United States Code. He argues that the addition of four offense levels for trafficking in firearms pursuant to U.S.S.G. § 2K2.1(b)(5), along with the addition of four offense levels under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another offense, constitutes prohibited double

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counting.  Pittman also contends that there was insufficient proof to support the enhancement for trafficking in firearms under § 2K2.1(b)(5).

The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver in Pittman's plea agreement. Pittman's opening brief did not address the waiver and he has not responded to the Government's argument.

We review de novo whether an appeal waiver bars an appeal.  *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  Pittman's waiver was knowing and voluntary as the record shows that he knew he had the right to appeal and that he was giving up that right by entering the plea agreement. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).  Also, the waiver plainly applies to his challenge to the application of sentencing enhancements.  *See id.*  Based on our review of the record we are satisfied that the plea agreement not been breached.  *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).

Accordingly, we GRANT the Government's motion to dismiss based on the appeal waiver and DENY the alternative motion for summary affirmance. Counsel for Pittman is cautioned that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources and could result in sanctions.  *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.