# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10611
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONAS CARRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-367-40

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:*

The attorney appointed to represent Jonas Carrera, Neil L. Durrance, once again has moved for leave to withdraw and filed a brief invoking *Anders v. California*, 386 U.S. 738 (1967).  Carrera has filed responses and has moved to relieve counsel and have new counsel appointed.

We have reviewed counsel's latest brief and the relevant portions of the record reflected therein, as well as Carrera's pro se responses.  Despite

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

multiple previous attempts, counsel's *Anders* briefing still is unsatisfactory. Nevertheless, our independent review of the record confirms counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Carrera's claim that he should have been placed in criminal history category V based on his total criminal history points is misguided. He qualified as a career offender under U.S.S.G. § 4B1.1, and, thus, he was properly placed in criminal history category VI. § 4B1.1(b). His advisory guidelines range otherwise was properly calculated.

Thus, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Carrera's motion to relieve counsel and to appoint new counsel is DENIED. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).

While the appeal clearly presents no nonfrivolous issues, counsel's work in this appeal was of little help to this court in determining that such was the case. Counsel first filed an *Anders* brief that did not discuss the appeal waiver in Carrera's plea agreement, certify whether the Government sought to enforce the waiver, or detail whether the district court complied with Federal Rule of Criminal Procedure 11; counsel also failed to file a copy of the rearraignment transcript. In his supplemental *Anders* brief, despite this court's order to do so, counsel again did not address the appeal waiver or state the Government's position concerning the waiver. On October 20, 2017, in ordering a new *Anders* brief, this court directed counsel once more to discuss the validity of the appeal waiver, its effect on any nonfrivolous appellate issues, and the Government's position as to the waiver.

In his new *Anders* brief, counsel has not remedied his deficiencies and, specifically, still has not certified, under *United States v. Acquaye*, 452 F.3d

No. 16-10611

380, 382 (5th Cir. 2006), whether the Government intends to enforce the appeal waiver. Thus, counsel is ordered to show cause, within 15 days from the date of this opinion, why this court should not order at a minimum that payment for services rendered and expenses incurred in this appeal be disallowed and denied. *See United States v. Gaitan*, 171 F.3d 222, 223 (5th Cir. 1999).

MOTION GRANTED; APPEAL DISMISSED; COUNSEL ORDERED TO SHOW CAUSE.