# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2022

Lyle W. Cayce
Clerk

No. 21-60374
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EARNEST ROMOND BRELAND,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:19-CR-60-1

Before DAVIS, JONES, AND ELROD, *Circuit Judges*.

PER CURIAM:*

Earnest Romond Breland appeals the 120-month sentence imposed following his guilty plea conviction for possession of a firearm after a felony conviction. He argues that the district court erred in applying a two-level

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A) for possessing a stolen firearm.

The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver in Breland's written plea agreement. Breland has not responded to the motion or otherwise addressed the validity of the waiver provision. Even if he had briefed the issue, any argument that the waiver is invalid or unenforceable under the circumstances would be without merit, as Breland was specifically admonished about his right to appeal and that he was giving up that right as part of his plea, and the waiver broadly precludes any challenge to Breland's sentence. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Accordingly, the Government's motion to dismiss the appeal is GRANTED. Its alternative motion for summary affirmance is DENIED. The appeal is DISMISSED. Counsel for Breland is CAUTIONED that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).