# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50316
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Vesa,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-193-1

_____

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Daniel Vesa pleaded guilty to production of child pornography and was sentenced to 360 months of imprisonment. He appeals, challenging the application of the five-level upward adjustment under U.S.S.G. § 4B1.5(b). The government seeks enforcement of the appeal waiver provision in Vesa's plea agreement.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50316

We review *de novo* whether the appeal waiver in Vesa's plea agreement bars this appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Vesa does not challenge the validity of his guilty plea or plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Although Vesa notes the reservation of various rights, the plea agreement's wording plainly shows that those rights apply only before the imposition of a sentence and that he "waive[d] the right to appeal [his] conviction or sentence on any ground." A review of the record reveals that the appeal waiver set forth in Vesa's plea agreement applies to the issue in this case. *See United States v. Martinez*, 263 F.3d 436, 437–38 (5th Cir. 2001).

DISMISSED.[1]

---

[1] Counsel for Vesa is CAUTIONED that pursuing an appeal contrary to a valid waiver and without responding to the government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 223 (5th Cir. 1999).