# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2011

No. 10-50823
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT MARTIN YORKMAN, also known as Robert Yorkman, also known as Lil Rob,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-292-1

Before KING, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Martin Yorkman pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He was sentenced within the Guidelines to 216 months of imprisonment. As part of his plea agreement, Yorkman waived his right to appeal any aspect of his conviction and sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50823

Yorkman now challenges his sentence on appeal.  The sole issue he raises is whether the district court erred in applying a two-level enhancement pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines, based on Yorkman's possession of a firearm.

The government seeks the enforcement of the appeal waiver contained in the plea agreement and requests that the appeal be dismissed.  Yorkman does not challenge, or even address, the validity of the appeal waiver in his brief.

We review *de novo* whether an appeal waiver bars an appeal.  *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  The record demonstrates that Yorkman's appeal waiver was knowing and voluntary.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Further, under the plain language of the plea agreement, the waiver applies to the circumstances at issue.  *Id.* Thus, the appeal waiver is valid.

Although a valid waiver does not implicate our jurisdiction, *see United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006), Yorkman's appeal of his sentence is clearly barred by the waiver, and the appeal is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir, 1983); 5th Cir. R. 42.2.  Defense counsel is warned that the filing of an appeal contrary to an appeal waiver is a needless waste of resources and could result in sanctions.  *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.