# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 17, 2012

No. 11-20496
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIBEL AMAYA ROBLES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-875-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maribel Amaya Robles pleaded guilty pursuant to a written agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. She was sentenced within the Sentencing Guidelines to 262 months of imprisonment. As part of her plea agreement, Robles waived her right to appeal any aspect of her sentence.

Robles now challenges her sentence on appeal, arguing that the district court clearly erred, or in the alternative plainly erred, in imposing a four-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increase for an aggravating role in the offense. *See* U.S.S.G. § 3B1.1(a). The Government seeks the enforcement of the appeal waiver contained in the plea agreement and requests that the appeal be dismissed.

Robles does not challenge, or even address, the validity of the appeal waiver in her brief, and she has not filed a reply brief. By failing to address the waiver in her opening brief and failing to file a reply brief to respond to the Government's waiver argument, Robles has abandoned any argument that the waiver is invalid or inapplicable. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).

Although a valid waiver does not implicate our jurisdiction, *see United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006), Robles's appeal of her sentence is clearly barred by the waiver, and the appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Defense counsel is warned that the filing of an appeal contrary to an appeal waiver the Government intends to enforce is a needless waste of resources and could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999). The proper method for addressing a situation where the client wishes to appeal but pursuit of such an appeal would be frivolous is set forth in *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).

APPEAL DISMISSED.