IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20673
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee

V.

LEONARD LOUIS CAPALDI,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
(CR-H-93-181)
_____

August 29, 1996

Before KING, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Leonard Louis Capaldi pleaded guilty to bank fraud and
commercial bribery.  Capaldi appeals his conviction pursuant to
the plea agreement and his sentence.  Finding error only as to
the sentence, we affirm the conviction, vacate the sentence and
remand for resentencing.


A. Rule 11 Claims

Capaldi argues that the district court violated Federal Rule

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

of Criminal Procedure 11(c)(1) by failing to admonish him at the plea colloquy that his sentence could include restitution or that the court could depart from the sentencing guidelines in certain circumstances. Capaldi characterizes this as reversible error. We disagree. Capaldi's plea agreement referred to any fine or restitution as being due and payable immediately. The plea agreement also provided that Capaldi would not attempt to avoid paying a fine or restitution by filing a bankruptcy case. Capaldi declared in open court that he had read the agreement and discussed it with his attorney, and he acknowledged that he understood his rights and the terms of the plea agreement. Capaldi raised no questions at the plea colloquy regarding the inclusion of provisions concerning restitution in the plea agreement. The plea agreement, which was accepted during the plea colloquy, is temporally relevant information in the record that counteracts any deficiency caused by the district court's failure to address the guidelines. See United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc). Under these circumstances, the district court's omission of the possibility of restitution in the plea colloquy is harmless error. See Fed. R. Crim. P. 11(h).

Capaldi also argues that the district court committed reversible error by failing to inform him that the court could depart from the sentencing guidelines. Again, in the plea agreement, Capaldi acknowledged that the sentence was in the

2

discretion of the sentencing judge and that Capaldi could not withdraw his plea simply because the court imposed a sentence up to the statutory maximum.  Capaldi also reserved his right to appeal any upward departure from the guidelines.  Capaldi thus was apprised of the possibility of departure.  See Rule 11(c)(1).  Because Capaldi specifically reserved his right to appeal an upward departure and because he objected at sentencing to the upward departure, any error is harmless.


B. Increase in Offense Level

   Capaldi argues that the district court erred by increasing his offense level under U.S.S.G. § 3B1.1(a) for his role as an organizer or leader.  Capaldi's plea agreement contained a waiver-of-appeal provision, which provided:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742, except that the defendant may appeal a sentence imposed above the statutory maximum or an upward departure from the Sentencing Guidelines, which upward departure had not been requested by the United States. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

Our decision in United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir.), cert. denied, 115 S. Ct. 244 (1994), dictates that

3

the waiver-of-appeal provision be upheld.  Capaldi has no standing to appeal adjustments made (or not made) by the district court pertaining to his role in the offense and acceptance of responsibility.

C. Notice of Upward Departure

Capaldi argues that the district court committed reversible error by failing to provide adequate notice of its intention to depart upwardly from the guidelines.

Before the district court can depart upward on a ground not identified either in the PSR or in a prehearing submission by the Government, it must give the parties reasonable notice that it is contemplating such departure.  Fed. R. Crim. P. 32; <u>Burns v. United States</u>, 501 U.S. 129, 138 (1991).  This notice must identify the ground on which the district court is contemplating an upward departure.  <u>Burns</u>, 501 U.S. at 138-39.  The sentencing court must provide defense counsel and the Government an opportunity to comment upon matters relating to the appropriate sentence.  Fed. R. Crim. P. 32(a)(1).  "Rule 32 contemplates that the court may base its sentencing decisions on matters not included in the [PSR], as long as [the defendant's] right to notice and opportunity to be heard are not violated."  <u>United States v. Allison</u>, 986 F.2d 896, 897 (5th Cir. 1993).

In its written reasons for departure, the district court stated that it "departed upward two levels [from the guideline

4

range] based upon the amount of loss, which the Court identified as relevant conduct in a civil lawsuit claiming the defendant, in a similar scheme to defraud, defrauded victims out of [$]1,499,000. The two level decrease [sic] was based from the fraud table."

No documents appear in the record in which the district judge informed Capaldi before sentencing that he might consider an upward departure based on the Canadian suit or the letters filed by the Canadian victims. Accordingly, the record does not indicate that the district judge complied with the requirements of Burns. The court's comments at the beginning of the sentencing hearing concerning its intended use of the Canadian conduct were ambiguous at best. The judge mentioned that he could see no reason why he could not consider the Canadian conduct relevant, but never clearly stated that he intended to consider it for the purpose of an upward departure. The district court's comments are more easily interpreted as reasons why it would not accept the amount of loss stipulated in the plea agreement and would instead adopt the amount of loss recommended in the PSR. We therefore vacate Capaldi's sentence on this ground, and we remand to the district court for resentencing in compliance with the notice requirements of Burns.

D. Failure to Provide Reasons for Departure

Capaldi also argues that the district court committed

5

reversible error by failing to provide specific reasons for its departure. If the district court departs upward, it must state in open court the specific reason for doing so. 18 U.S.C. § 3553(c)(2). "By requiring a `specific reason,' section 3553(c)(2) requires the sentencing court to identify the exact circumstance or circumstances that warrant departure which are not adequately considered by the Sentencing Commission." United States v. Mourning, 914 F.2d 699, 708 (5th Cir. 1990). The district court will have the opportunity to state specifically on remand the reasons on which it bases any upward departure.

E. Consideration of the Canadian Lawsuit

Capaldi also argues that any consideration given by the district court to an unadjudicated civil lawsuit filed in Canada, whether for the purpose of denying a three-point reduction for acceptance of responsibility or for any other purpose, was error. It is not clear whether or to what extent the Canadian suit factored into Capaldi's sentencing. On remand, the district court should clearly set forth the role the Canadian suit plays, if any, in the sentencing determination.

For the foregoing reasons, we AFFIRM Capaldi's conviction, but we VACATE his sentence and REMAND for resentencing.

6