# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-21060
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD LOUIS CAPALDI,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

January 26, 1998

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

POLITZ, Chief Judge:

Leonard Louis Capaldi appeals his resentencing on remand for convictions on guilty pleas of bank fraud, aiding and abetting, and commercial bribery.[1] Capaldi contends that the district court erred by adjusting his offense level upward because of his role in the offenses and by declining to adjust his offense level downward for acceptance of responsibility. The government moves for dismissal of the appeal because Capaldi waived his right to appeal sentencing guideline issues.

---

[1] 18 U.S.C. §§ 2, 215(a)(1), 1344, and 1346.

On the first appeal herein we determined that Capaldi had waived his right to appeal the issues he now assigns as error.[2] Capaldi contends, however, that his earlier waiver of the right to appeal does not preclude his raising sentencing guideline issues following his resentencing on remand. We previously have held that a defendant may waive the right to appeal,[3] but we have not before addressed the issue presented herein -- specifically, whether a waiver of the right to appeal survives a remand and is enforceable as respects the resentencing on remand.

We have considered the related question whether a plea agreement remains binding on remand and have indicated that it does.[4] Our colleagues in the Seventh Circuit have reached the conclusion that once accepted by the court the plea agreement is binding on the court and parties on remand.[5] But we are aware of no dispositive resolution of the specific issue presented herein.

In reaching a plea agreement the parties may include a provision that the defendant totally waives the right to appeal the conviction and sentence or partially waives same as relates to the sentence. In the latter situation, the defendant may reserve the right to appeal the sentence respecting certain issues. Implicit in any waiver is the assumption that the sentence imposed will be consistent with the applicable statute and sentencing guidelines. A waiver of that assumption must be

---

[2] **United States v. Capaldi**, No. 95-20673 (5th Cir. Aug. 29, 1996) (unpublished).

[3] **United States v. Melancon**, 972 F.2d 566 (5th Cir. 1992).

[4] **United States v. Valencia**, 985 F.2d 758 (5th Cir. 1993).

[5] **United States v. Ritsema**, 89 F.3d 392 (7th Cir. 1996).

2

explicit; it will not be deemed implicit in a general waiver. As always, any waiver, full or partial, will only be valid if knowingly and voluntarily made by the defendant.

We therefore now conclude and hold that once a plea agreement has been accepted by the trial court, a provision thereof waiving appeal survives and is fully enforceable in proceedings on remand and, if it otherwise complies with controlling law, will be enforced on appeal. Applying that rubric to today's appeal we hold that Capaldi's waiver of appeal is valid and enforceable, that it applies to the issues he raises on this appeal, and, accordingly, that his appeal must be and is DISMISSED.