IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21056
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN DEJESUS RAMIREZ,

Defendant-Appellant.

- - - - - - - - - -

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-92-CR-295-3

- - - - - - - - - -

January 5, 2000

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Edwin DeJesus Ramirez appeals the district court's amended
judgment following resentencing after the granting of relief,
pursuant to 18 U.S.C. § 3582(c)(2).  He contends that the
district court abused its discretion on resentencing in failing
to impose a sentence at the low end of the guidelines range and
that the district court erred in not offering reasons for the
sentence imposed.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Government contends that Ramirez's appeal should be dismissed because, under the terms of his plea agreement, Ramirez waived the right to appeal his sentence unless the sentence was based on an upward departure from the sentencing guidelines. This court previously determined that the waiver provision was informed and voluntary and was therefore enforceable. See United States v. Ramirez, No. 95-20121 (5th Cir. Nov. 1, 1995). Ramirez's appellate brief does not address the validity or effect of the waiver, and he has not filed a reply brief addressing the Government's waiver argument.

Because Ramirez's arguments do not involve an upward departure, the only permissible ground for appeal, they are barred by the waiver provision in his plea agreement. The fact that Ramirez challenges an amended judgment following resentencing does not change this result. See United States v. Capaldi, 134 F.3d 307, 308 (5th Cir.), cert. denied, 118 S. Ct. 2073 (1998). The appeal is frivolous, and it is DISMISSED. See id.; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

John T. Cox, III, Ramirez's attorney on appeal, is ORDERED to show cause, within fifteen days from the date of this order, why sanctions should not be imposed against counsel for pursuing this appeal in light of Ramirez's waiver of his right to appeal and the failure of counsel to address the waiver in his appellate brief. Such sanctions may include not receiving any payment for services rendered and expenses incurred on this appeal. See United States v. Gaitan, 171 F.3d 222, 222-24 (5th Cir. 1999).

APPEAL DISMISSED.