# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1729

———————

United States of America,

      Appellee,

v.

Thomas Jackson,

      Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: July 6, 2009
Filed: July 8, 2009

———————

Before RILEY, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

Pursuant to a written agreement, Thomas Jackson pled guilty to possessing cocaine base with intent to distribute, and the district court[1] sentenced him to 216 months in prison and 4 years of supervised release. Jackson subsequently filed a motion under 28 U.S.C. § 2255, claiming he had received ineffective assistance of counsel because, among other things, counsel had not followed his instructions to file a notice of appeal (NOA). The district court granted Jackson's motion in part and appointed new counsel, concluding that Jackson was entitled to be resentenced so he

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

could timely file an NOA. The court imposed the same sentence at resentencing and Jackson appeals. On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which she asserts Jackson's belief that his former counsel was ineffective before and during the taking of his guilty plea.

The plea agreement includes a waiver that bars Jackson from raising on appeal any non-jurisdictional issues, including his sentence. We conclude this waiver is valid and should be enforced. *Cf. United States v. Capaldi*, 134 F.3d 307, 308 (5th Cir. 1998) (holding that appeal waiver was enforceable following remand for resentencing). The record indicates that Jackson entered into the plea agreement and the waiver knowingly and voluntarily. In addition, enforcing the waiver would not result in a miscarriage of justice, especially given that Jackson raised some sentencing issues in his section 2255 proceeding and the district court rejected those claims on the merits. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (describing conditions for enforcing appeal waiver); *United States v. Estrada-Bahena*, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in *Anders* case). To the extent Jackson's new ineffective-assistance claim falls outside the scope of the waiver, we decline to review it in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006) (court considers ineffective-assistance claims on direct appeal only where record has been fully developed, where not to act would amount to plain miscarriage of justice, or where counsel's error is readily apparent).

After reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues beyond the scope of the appeal waiver. We grant counsel's motion to withdraw, and we dismiss this appeal.

_____