# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4447

_____

United States of America

*Plaintiff - Appellee*

v.

Larry Lewis Cooney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 22, 2017
Filed: November 13, 2017

_____

Before SMITH, Chief Judge, WOLLMAN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

The district court[1] granted Larry Cooney's motion to vacate and correct his sentence and resentenced him to 108 months' imprisonment.  Cooney now appeals

_____

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

that sentence. We dismiss the appeal, however, based on the appellate waiver in his plea agreement.

**I.**

In 2013, Cooney pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The plea agreement provides, with exceptions not relevant here, that Cooney "waives the right to appeal the conviction and sentence directly under Title 28, United States Code, Section 1291 and/or Title 18, United States Code, Section § 3742(a)." Cooney signed the plea agreement and, after listening to a description of the waiver, assented to the waiver again at the plea hearing. At the sentencing hearing, the district court imposed a 180-month term of imprisonment—the minimum term for armed career criminals under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e); *see also United States v. Mata*, 869 F.3d 640, 642 (8th Cir. 2017) (describing the designation). Cooney had stipulated to his designation as an armed career criminal in the plea agreement.

A few years after sentencing, Cooney moved under 28 U.S.C § 2255 to vacate and correct his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's residual clause—under which Cooney had been designated as an armed career criminal—was unconstitutionally vague. *Id*. at 2557. That decision applied retroactively on collateral review to prisoners like Cooney. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The Government conceded that Cooney no longer qualified as an armed career criminal, and it did not oppose Cooney's § 2255 motion. The district court vacated his sentence and resentenced him to 108 months' imprisonment and three years' supervised release. The sentence was less than the ten-year statutory maximum. *See* 18 U.S.C. § 924(a)(2).

Cooney then brought this appeal under 28 U.S.C. § 1291. He challenges the calculation of his sentencing guidelines range, the substantive reasonableness of the sentence, and certain special conditions of his supervised release. The Government moved to dismiss the appeal based on the appellate waiver in the plea agreement.

## II.

"So long as there is no miscarriage of justice, we will enforce a defendant's waiver if the appeal falls within the scope of the waiver and the defendant entered into the waiver and the plea agreement knowingly and voluntarily." *United States v. Seizys*, 864 F.3d 930, 931 (8th Cir. 2017). The basis for waiver here is straightforward. A defendant signing a plea agreement and assenting again at a plea hearing generally indicate a knowing and voluntary waiver. *See, e.g.*, *United States v. Aronja-Inda*, 422 F.3d 734, 738 (8th Cir. 2005). Cooney did both here, and in the agreement, he waived his right to appeal his sentence "under Title 28, United States Code, Section 1291." Cooney now appeals his sentence—which includes conditions of supervised release, *see United States v. Meirick*, 674 F.3d 802, 806 (8th Cir. 2012)—under Title 28, United States Code, Section 1291.

Cooney tries to circumvent the waiver with three arguments. He first argues that because the "basic assumptions on which this agreement was made are no longer true," we should decline to enforce the waiver. He is correct that the plea agreement stipulated to his armed-career-criminal status based on the now-invalidated residual clause. But a "voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *United States v. Reeves*, 410 F.3d 1031, 1035 (8th Cir. 2005) (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). Time and again, appellate courts have enforced appellate waivers even after the law has changed. *See, e.g.*, *Reeves*, 410 F.3d at 1035; *see also United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). Courts often have done so when confronted with

*Johnson* claims in particular. *See Morrison,* 852 F.3d at 491 (collecting cases). Indeed, if Cooney were correct, and a change in law voided an appellate waiver, then a waiver would mean little. *See, e.g.*, *United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005). The law often changes. A "favorable change in the law after a plea is simply one of the risks that accompanies" plea agreements. *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008) (citation omitted).[2]

Cooney next argues that because the waiver fails to mention resentencing, his appeal falls outside its scope. But whether preceded by "a sentencing or a resentencing (here, following a separate, successful collateral attack), the *result* challenged is the same: a sentence that is incorporated in the judgment." *United States v. Kutz*, No. 16-6266, 2017 WL 2799859, at *5 (10th Cir. June 28, 2017) (emphasis in original). That result is what Cooney appeals and the waiver covers. Courts in this circuit and others agree: an appellate waiver bars an appeal after resentencing. *See id*.; *United States v. Jackson*, 328 F. App'x 348, 348-49 (8th Cir. 2009) (per curiam); *United States v. Capaldi*, 134 F.3d 307, 308 (5th Cir. 1998). Cooney responds by citing *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), but "the *McBride* plea agreement, unlike the one here, did not include an appeal waiver." *See Morrison*, 852 F.3d at 491.[3]

---

[2] The plea agreement also did not guarantee Cooney a particular sentence. Although the agreement predicted that Cooney would receive a minimum of fifteen years' imprisonment as an armed career criminal, it expressly stated that "the Court is not bound" by the career-criminal designation. Addressing the sentencing guidelines, the agreement states even more clearly: "The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court."

[3] Cooney also implies that because the Government did not enforce the plea agreement's collateral review waiver—an additional waiver in the plea agreement—it cannot now enforce the appellate review waiver. But the plea agreement expressly

Cooney's final argument fares no better. He claims that the district court sentenced him to lengthy imprisonment based on a variety of sentencing errors. According to Cooney, the district court miscalculated the sentencing guidelines, overemphasized his criminal history, and improperly expressed its disagreement with the *Johnson* decision. Enforcing the waiver under these circumstances, Cooney argues, would constitute a miscarriage of justice. Yet Cooney's sentence now comports with *Johnson* and "is within the statutory range authorized for the offense of conviction," so enforcing "the waiver will not result in a miscarriage of justice." *See United States v. Reynolds*, 432 F.3d 821, 824 (8th Cir. 2005); *see also United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003) (en banc) ("Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver."). Cooney cites nothing to the contrary. He invokes *United States v. Martinez*, 821 F.3d 984, 989 (8th Cir. 2016), for the proposition that the district court erred in expressing its disapproval of *Johnson*, but the *Martinez* case did not involve an appeal waiver. Cooney's appeal waiver thus bars this appeal.

### III.

For the foregoing reasons, we dismiss the appeal.

_____

provides that "[n]o waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available."