# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS DESHAW HICKS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-292-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marcus Deshaw Hicks appeals the 168-month, within-guidelines sentence he received upon pleading guilty to conspiracy to distribute and to possess with the intent to distribute 50 grams of cocaine base.  Hicks asserts that the district court erred by denying him a minor-role adjustment pursuant to U.S.S.G. § 3B1.2.  The Government asks us to enforce the waiver, contained

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51101

in Hicks's plea agreement, of his "right to appeal any aspect of [his] conviction and sentence."

We review de novo whether the appeal waiver bars Hicks's appeal. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record reflects that Hicks's waiver of his appeal rights was "a voluntary, knowing, and intelligent act." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). Furthermore, the waiver applies to the circumstances at issue in this case, and the sole exceptions to the waiver are inapplicable to the claim he raises on appeal. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2002). Finally, it is of no moment that Hicks's appeal was filed after remand and resentencing. *See United States v. Capaldi*, 134 F.3d 307, 308 (5th Cir. 1998).

Accordingly, Hicks's appeal is DISMISSED. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006). Further, Hicks's counsel is CAUTIONED that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources and could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).