# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2019

_____

United States of America

*Plaintiff - Appellee*

v.

Montay Maurice Knight

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: May 15, 2019
Filed: October 1, 2019
[Published]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Montay M. Knight pled guilty to transportation for illegal sexual activity, in violation of 18 U.S.C. § 2421(a) and (2), and conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(C), and 846. The district court[1] sentenced him to 79 months' imprisonment on each count to run concurrently. As a condition of release, it required him to comply with the Sex Offender Registration and Notification Act ("SORNA"). Knight appeals the SORNA registration requirements. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Knight asserts the district court erred by requiring him to comply with SORNA's sex-offender-registration requirements as part of his supervised release. The government contends Knight waived his right to appeal this issue in the plea agreement. This court reviews a waiver of appellate rights, "confirm[ing] that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). "Even when these conditions are met, however," this court "will not enforce a waiver where to do so would result in a miscarriage of justice." *Id.* at 890.

The plea agreement's "Waiver of Appeal" says:

Defendant and defendant's attorney acknowledge they have fully reviewed and fully discussed the record in this case and all issues that may be raised on appeal. They have fully discussed defendant's right of appeal and the consequences of waiver. Defendant has decided to waive any right of appeal, except as may be provided herein.

By signing this Plea Agreement, defendant voluntarily waives defendant's right to appeal the Court's Judgment against defendant; and, absent a claim of ineffective assistance of counsel, defendant waives all rights to contest the Judgment in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

> **Defendant reserves the right to appeal from a sentence that is greater than the binding plea agreement of 79 months incarceration.**
>
> . . . .
>
> Defendant understands and agrees this case will be over once defendant has been sentenced by the Court. Defendant agrees that it will be a breach of this agreement if defendant appeals in violation of this agreement.

(emphasis in original). The plea agreement also informed Knight that he would be required to register as a sex offender:

> Through execution of this Plea Agreement, defendant acknowledges that he has been advised, and understands, that pursuant to the Sex Offender Registration and Notification Act, a federal law, he must register as a sexual offender and keep registration current in each of the following jurisdictions: where he resides, where he is employed, and where he is a student. Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information.

Knight's appeal falls within the scope of the waiver.

The waiver also was knowing and voluntary. A district court ensures an appeal waiver is knowing and voluntary by "properly question[ing] a defendant about his or her decision to enter that agreement and waive the right to appeal." *Andis*, 333 F.3d at 891. The district court questioned Knight at length about his decision to waive his right to appeal:

> THE COURT: Is it fair for me to assume that you have made a conscious, voluntary decision to plead guilty and sign the Plea Agreement?

THE DEFENDANT: Yes.

. . . .

THE COURT: All right. Then if you could turn to paragraph 20 found on page 9, it's entitled "Defendant's Waiver of Appeal" and those words are bolded. And waiver of appeal means giving up your right of appeal. This is an important paragraph, and it's a paragraph that's found in almost every plea agreement signed by defendants anywhere in this country in a federal criminal case.

The paragraph contains a lot of fancy lawyer language, but here's what it means. And if you turn to the top of page 10, the very top, see those bolded words?

THE DEFENDANT: Yes, Your Honor.

THE COURT: What this paragraph says when you cut through all the legalese is that before I sentence you, I need to determine what the sentencing guideline range is. We assume that it's 70 to 87 months. And this paragraph says that if I sentence you to the 79 months of incarceration, that you've agreed that you will not appeal or challenge that in any way. You've agreed that you will not appeal or challenge these convictions on your record, and you will not appeal the sentence that I order you to serve of 79 months. Do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: This paragraph at the top of page 10 does say that if I sentenced you to more than 79 months, you would have a right to appeal that, but I'm going to accept the terms of the Plea Agreement that the parties have negotiated in this case, and that means that I will be sentencing you to 79 months. And you have agreed that you're going to accept that and you're not going to be one of those people that turn around and start filing appeals once you go to prison. Do you understand?

-4-

THE DEFENDANT: Yes, Your Honor.

THE COURT: Oftentimes defendants, after they've been sentenced in federal court, will go to prison, and then they become legal experts and they start rubbing shoulders with a lot of other legal experts, so then they start thinking they ought to file some motions to try to weasel out of their Plea Agreements because somebody inevitably will tell them they got a bad deal.

So they start filing motions, and they try to withdraw their plea, and they try to make arguments that they didn't understand what they were getting themselves into, and they weren't properly represented by their attorney, and the judge never explained anything to them, and the arguments go on and on and on.

But in the federal system, plea agreements are considered to be contracts, and you are going to be held to this Plea Agreement just like any other contract that you might sign in life. And those defendants that sign plea agreements like this and turn around and appeal, they rarely, if ever, are successful. Usually the appeals get dismissed in about one or two pages.

I've been here 16 years. Never had a defendant that's been successful that's challenged one of my sentences when I've sentenced them in accordance with a Plea Agreement like this, so generally people that try to appeal, the Court of Appeals just says to the defendant, "Mr. Defendant, you signed a Plea Agreement. You promised that you would not appeal. We're going to hold you to that. Case dismissed." That's essentially what the decision says, so it's an important paragraph, but do you feel you understand what it means for you?

THE DEFENDANT: Yes, Your Honor.

The plea agreement waives the issue presented, and there is no miscarriage of justice in enforcing it. *See United States v. Blue Coat*, 340 F.3d 539, 541-42 (8th Cir.

2003) (dismissing appeal where sex-offender-registration condition was covered by appeal waiver and the waiver was entered knowingly and voluntarily).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____