# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 21-10393

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Deshun Holland, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-116-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.
Per Curiam:*

Defendant-Appellant Michael Deshun Holland, Jr. pleaded guilty, with the benefit of a plea agreement, to (1) one count of conspiring to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count 1), and (2) one count of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10393

U.S.C. § 924(c)(1)(A)(iii) (Count 4). He was sentenced to a total term of 220 months: 100 months of imprisonment on Count 1 and a consecutive 120-month sentence on Count 4. Following Holland's 28 U.S.C. § 2255 motion based on *United States v. Davis*, 139 S. Ct. 2319 (2019), the district court vacated Holland's § 924(c) conviction and resentenced him to 108 months of imprisonment on Count 1. Holland appeals the 108-month sentence, contending that it displays judicial vindictiveness. The Government seeks enforcement of the appeal waiver provision in Holland's plea agreement.

We review whether the appeal waiver bars Holland's appeal de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Holland does not challenge the validity of his guilty plea or plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). A review of the record reveals that (1) the appeal waiver set forth in Holland's plea agreement applies to the issues in this case and (2) the exceptions to the waiver are inapplicable to the claim he raises on appeal. *See United States v. Martinez*, 263 F.3d 436, 437-38 (5th Cir. 2001); *United States v. Capaldi*, 134 F.3d 307, 308 (5th Cir. 1998).

DISMISSED.[1]

---

[1] Counsel for Holland is CAUTIONED that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222 (5th Cir. 1999).