# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2024
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Lynn Tucker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: March 13, 2023
Filed: May 25, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Kevin Lynn Tucker was indicted on one count of being a felon in possession of a firearm. He pled guilty pursuant to a plea agreement that contained an appeal waiver. After accepting his plea, the district court[1] sentenced Tucker to 60 months'

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

imprisonment followed by 3 years' supervised release. Tucker appeals, arguing that the district court erred by not reducing his sentence under United States Sentencing Guidelines (USSG) § 5G1.3(b) in light of time already served in state custody and by imposing an upward variance. Having jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal in part based on the appeal waiver and otherwise affirm.

In December 2019, while on state parole, Tucker was arrested in his home pursuant to a state warrant for aggravated robbery. During the execution of the warrant, law enforcement recovered a firearm in Tucker's home. Tucker's parole was revoked, and he was taken into state custody. In June 2020, Tucker was charged in federal court with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), based on the firearm found in his residence. The state aggravated robbery charges were subsequently dropped. In July 2021, Tucker entered federal custody after having already served roughly 30 months in state custody. In February 2022, he pled guilty to the felon-in-possession charge pursuant to a plea agreement. Under the terms of his plea agreement, Tucker waived his right to appeal his conviction on any non-jurisdictional basis, except for claims of prosecutorial misconduct or a challenge to the substantive reasonableness of his sentence if the district court imposed an above-Guidelines-range sentence. At Tucker's sentencing hearing, the district court calculated the advisory Guidelines range as 30 to 37 months' imprisonment. The district court then sentenced Tucker to 60 months' imprisonment followed by 3 years' supervised release. Tucker now appeals his sentence.[2]

Tucker first argues that the district court erred by failing to consider his time spent in state custody in its decision to vary upward. Specifically, Tucker points to USSG § 5G1.3(b), which "permits a departure to account for time already served

---

[2]After Tucker filed his opening brief, the government filed a motion to dismiss Tucker's appeal in part on the basis that it is barred in part by the appeal waiver in his plea agreement. After receiving Tucker's response, we entered an order accepting the government's motion for consideration with the merits of Tucker's appeal, and we now dispose of both.

where the current and prior offenses involve the same conduct." United States v. White, 354 F.3d 841, 845 (8th Cir. 2004) (citing USSG § 5G1.3(b), comment. (n.7)). The government contends that Tucker's argument is barred by the appeal waiver in his plea agreement. "We review questions regarding the interpretation and enforcement of plea agreements de novo." United States v. Guzman, 707 F.3d 938, 941 (8th Cir. 2013) (citation omitted).

The merits of Tucker's argument are dubious. For example, the Guidelines provision Tucker cites permits *departures*, while the district court here imposed a *variance*. Regardless, Tucker's appeal on this ground is barred by his plea agreement. We enforce appeal waivers if an "appeal falls within the scope of the waiver and . . . both the waiver and plea agreement were entered into knowingly and voluntarily." United States v. Knight, 939 F.3d 933, 935 (8th Cir. 2019) (per curiam) (quoting United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc)). We must also ensure that enforcing a waiver would not "result in a miscarriage of justice." Id. (citation omitted). Tucker's plea agreement states:

> [T]he defendant waives the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, including the sentence imposed or any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct and the defendant reserves the limited right to appeal the substantive reasonableness of the sentence of imprisonment if the sentence is above the Guideline range established at sentencing and if the defendant makes a contemporaneous objection[.]

R. Doc. 35, at 3. By the plain language of his plea agreement, Tucker preserved his right to appeal on only three bases: (1) a lack of jurisdiction, (2) prosecutorial misconduct, and (3) a substantively unreasonable sentence if the sentence is above the Guideline range established at sentencing and he made a contemporaneous objection.

-3-

These exceptions do not encompass Tucker's first argument on appeal—that the district court erred by failing to consider USSG § 5G1.3(b) in its variance determination. Tucker insists that this is a substantive reasonableness challenge, but we routinely consider challenges to the district court's application of the Guidelines as procedural, not substantive. See, e.g., United States v. Carter, 652 F.3d 894, 896 (8th Cir. 2011) (analyzing district court's failure to apply USSG § 5G1.3(b) in its Guidelines calculations as procedural error); cf. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range . . . .'" (quoting Gall v. United States, 552 U.S. 38, 51 (2007))). Further, the record indicates that Tucker knowingly and voluntarily entered into the plea agreement. See United States v. Cooney, 875 F.3d 414, 416 (8th Cir. 2017) ("A defendant signing a plea agreement and assenting again at a plea hearing generally indicate a knowing and voluntary waiver."). Moreover, enforcing the waiver would not result in a miscarriage of justice. See United States v. St. Pierre, 912 F.3d 1137, 1144 (8th Cir. 2019) (finding no miscarriage of justice in enforcing appeal waiver when the "appeal is grounded in alleged errors by the district court in applying the Sentencing Guidelines"). Thus, we dismiss this portion of Tucker's appeal as barred by the appeal waiver in his plea agreement.

Tucker also argues that his sentence was substantively unreasonable. Namely, he contends that the district court erred in imposing an upward variance from the Guidelines range without considering the mitigating impact of his time spent in state custody. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" Feemster, 572 F.3d at 461 (citation omitted). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. (citation omitted). "When reviewing an above-Guidelines sentence, we 'consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent

-4-

of the variance.'" United States v. Mitchell, 825 F.3d 422, 426 (8th Cir. 2016) (per curiam) (quoting Gall, 552 U.S. at 51).

Here, Tucker has not identified any abuse of discretion. The district court considered the § 3553(a) factors and explained its reasons for the upward variance: namely, Tucker's lengthy and wide-ranging criminal history, including several violent offenses, which the district court concluded was not adequately captured by the Guidelines calculation. As we have previously noted, "[§] 3553(a) allows courts to vary upward based on an underrepresented criminal history or recidivism." United States v. Barrett, 552 F.3d 724, 726 (8th Cir. 2009). Though Tucker argues that the district court did not adequately consider his argument regarding his prior incarceration, the sentencing court "need not specifically respond to every argument made by the defendant or mechanically recite each § 3553(a) factor." United States v. Ballard, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam) (citation omitted). "[The] district court has 'wide latitude' to assign weight to give[n] factors, and '[t]he district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal.'" United States v. Noriega, 35 F.4th 643, 651 (8th Cir. 2022) (second and third alterations in original) (citation omitted). Accordingly, we find that Tucker's above-Guidelines-range sentence is substantively reasonable.

For the foregoing reasons, we dismiss the appeal in part and otherwise affirm the judgment of the district court.

_____