# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1539

_____

United States of America

*Plaintiff - Appellee*

v.

Joe Michael Johns

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota

_____

Submitted: December 11, 2023
Filed: March 29, 2024
[Unpublished]

_____

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Joe Michael Johns pled guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances under 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C), and 18 U.S.C. § 2. The district court[1] imposed a sentence of

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

100 months of imprisonment. Johns appeals, arguing the district court erred in imposing its sentence by undervaluing his substantial assistance to the government in investigating and prosecuting others. Because we conclude his appeal falls within the bounds of his plea agreement's appellate-waiver provision, we dismiss Johns's appeal.

In 2021, Johns and five other defendants were charged with drug trafficking offenses stemming from their transporting drugs from Washington to distribute in North Dakota. Though he was initially charged with three counts, Johns agreed to plead guilty to the conspiracy count in exchange for the government dismissing the possession and distribution counts. Johns's plea agreement also contained an appeal waiver, wherein Johns agreed to waive his right to appeal his sentence, excluding any imposed sentence "which is greater than the upper limit of the sentencing guideline range determined by the sentencing court at the sentencing hearing." Johns confirmed to the district court he was voluntarily pleading guilty of conspiring to distribute illegal drugs and he understood he was waiving his right to appeal.

At Johns's sentencing hearing, the district court adopted the recommended sentencing range of 130 to 162 months of imprisonment under the United States Sentencing Guidelines Manual (U.S.S.G. or Guidelines). Neither party objected to these calculations, and the district court accepted the sentencing range. Even though Johns's offense carried a 120-month mandatory minimum sentence, the government filed a U.S.S.G. § 5K1.1 motion advocating for Johns's sentence to be below the mandatory minimum, *see* 18 U.S.C. § 3553(e), and recommending a sentence of 87 months of imprisonment. Johns argued the sentence should be even less than 87 months. The district court disagreed with both their recommendations, and it sentenced Johns to 100 months of imprisonment based on Johns's "horrendous criminal history." Johns seeks to appeal his sentence, but the government argues Johns's appeal must be dismissed because of his plea agreement's appeal waiver.

We review de novo the legal question of whether a waiver of appellate rights is valid. *See United States v. Schneider*, 40 F.4th 849, 852–53 (8th Cir. 2022). "A defendant's right to appeal is statutory, not constitutional, and may be waived." *Id.* at 853. "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc). "Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." *Id.* at 890. "The government bears the burden of establishing that the plea agreement clearly and unambiguously waives the defendant's right to appeal, and ambiguities in the agreement are construed against the government." *United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009).

Johns's appeal waiver is valid and enforcing it does not result in a miscarriage of justice. Thus, dismissal of the appeal is required. *See United States v. Knight*, 939 F.3d 933, 936 (8th Cir. 2019). The plea agreement required Johns to waive his right to appeal his sentence. The only exception was if Johns received a sentence that exceeded the maximum Guidelines range determined to apply by the district court. The exception does not apply because the 100-month sentence is less than the unobjected-to maximum Guidelines range of 162 months.

The record reflects Johns knowingly and voluntarily entered into the plea agreement, including the appeal waiver, and he does not argue otherwise. The district court confirmed Johns read his plea agreement, understood it, and his attorney answered all his questions about it. The district court ensured Johns entered the plea agreement voluntarily, as Johns testified no one had made any promises or assurances to him as to the length of his sentence, nor had anyone threatened or forced him to plead guilty. Nor do we find any miscarriage of justice, as Johns did not receive an illegal sentence, and in fact, he received a sentence below the mandatory minimum of 120 months. *See Andis*, 333 F.3d at 891 (cautioning the miscarriage of justice exception "is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid").

Accordingly, we hold the plea agreement waives the issues presented, there is no miscarriage of justice in enforcing it, and so we dismiss the appeal.

_____