# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2099

_____

United States of America

*Plaintiff - Appellee*

v.

Curtis S. Lyles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: October 1, 2024
Filed: October 4, 2024
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Curtis Lyles received a 192-month prison sentence after pleading guilty to firearm and drug offenses. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1), (b)(1)(C). In the plea agreement, he waived the right to appeal his sentence. An

*Anders* brief suggests it is substantively unreasonable and the district court[1] abused its discretion. *See Anders v. California*, 386 U.S. 738 (1967).

Upon careful review, we conclude that the appeal waiver is enforceable and covers these issues. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within its scope, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice); *see also United States v. Cooney*, 875 F.3d 414, 417 (8th Cir. 2017) ("[A]n appellate waiver bars an appeal after resentencing."). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly dismiss the appeal and grant counsel permission to withdraw.

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

-2-