# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2899
_____

United States of America

*Plaintiff - Appellee*

v.

Lyndale E. Watson, also known as Red, also known as Blood, also known as Stoni
Blud

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: March 31, 2025
Filed: April 3, 2025
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Lyndale Watson received a 217-month prison sentence after pleading guilty to attempted robbery and firearms offenses. See 18 U.S.C. §§ 924(c)(1)(A)(iii); 1951(a). In a plea agreement, he waived is right to appeal his sentence. He appeals

after the district court[1] vacated one count of conviction and resentenced him to 217 months in prison. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. Watson has filed a pro se brief challenging the district court's calculations under the United States Sentencing Guidelines on resentencing, as well as a motion for the appointment of new counsel.

Upon careful review, we conclude the appeal waiver is enforceable and covers these issues. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within its scope, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice); see also United States v. Cooney, 875 F.3d 414, 416-17 (8th Cir. 2017) (concluding voluntary appeal waiver bars appeal after resentencing). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. See Penson v. Ohio, 488 U.S. 75 (1988). Accordingly, we deny the motion for the appointment of new counsel, grant counsel leave to withdraw, and dismiss the appeal.

———————————————————

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.