# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2723

_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Wayne Brewer, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: December 15, 2025
Filed: April 6, 2026
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Patrick Brewer, Sr., pleaded guilty to Assault Resulting in Serious Bodily Injury, *see* 18 U.S.C. §§ 113(a)(6), 1153, after assaulting his wife on December 28, 2023. While driving his vehicle, Brewer threatened to kill his wife, who was sitting in the passenger seat, and punched her in the jaw and face, breaking her cheekbone and jawbone. His wife alleged that Brewer threatened to kill her while pointing a

sword with an approximately twelve-inch blade at her. According to his wife, Brewer refused to allow her to exit the vehicle and she was forced to jump out while it was still moving. Law enforcement later discovered a sword that matched her description on the floor of Brewer's vehicle, near the driver's seat.

In his plea agreement, Brewer waived his right to appeal any non-jurisdictional issues but reserved his right to appeal an above-guidelines sentence. At sentencing, over Brewer's objection, the district court[1] applied a three-level enhancement because Brewer had brandished and threatened his wife with "a dangerous weapon," i.e., the sword. *See* U.S.S.G. § 2A2.2(b)(2)(C). After applying this enhancement, the district court calculated Brewer's advisory sentencing guidelines range as 37 to 46 months' imprisonment and imposed a sentence of 46 months' imprisonment. Brewer appeals, arguing that the district court (1) procedurally erred in applying the three-level enhancement and (2) abused its discretion by imposing a substantively unreasonable sentence. We affirm the application of the sentencing enhancement and otherwise dismiss Brewer's substantive reasonableness challenge as waived.

"We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. Arnold*, 835 F.3d 833, 842 (8th Cir. 2016). "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation modified). "We review the district court's construction and application of the Guidelines *de novo* and its factual findings for clear error, keeping in mind that the Government must prove by a preponderance of

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

-2-

the evidence each of the facts necessary to establish a sentencing enhancement." *United States v. Campos*, 79 F.4th 903, 908 (8th Cir. 2023) (citation modified).

Brewer argues the district court procedurally erred when it applied a three-level enhancement because the record does not support the finding that he "brandished" "a dangerous weapon." *See* U.S.S.G. § 2A2.2(b)(2)(C). The district court found that Brewer was subject to this enhancement based on his wife's statement to law enforcement that, after Brewer punched her, he also pointed a sword at her and threatened to kill her. Brewer argues that his wife's statement lacked credibility because she was intoxicated on the day of the offense and because she had a previous conviction for making a false statement to law enforcement. He also argues that her description of events was implausible because she did not suffer the injuries one would have expected her to suffer given her allegations. Notwithstanding her previous conviction for making a false statement to law enforcement, we detect no clear error in the district court's conclusion that Brewer's wife's overall statement was credible. It was consistent with her physical injuries, i.e., her broken cheekbone and jawbone, and law enforcement discovered a sword by the driver's seat in Brewer's vehicle. We therefore find that the district court did not clearly err when it concluded that the Government had met its burden to prove by a preponderance of the evidence that Brewer had brandished a dangerous weapon. We accordingly affirm its application of the § 2A2.2(b)(2)(C) sentencing enhancement.

We next address Brewer's substantive reasonableness challenge. We review the validity and applicability of an appeal waiver *de novo*. *United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). We will enforce a defendant's appeal waiver if the appeal falls within the scope of the waiver, the defendant entered into the waiver and plea agreement knowingly and voluntarily, and if enforcement of the waiver would not result in a miscarriage of justice. *United States v. Cooney*, 875 F.3d 414, 416 (8th Cir. 2017). Brewer does not contest that his sentence fell within the guidelines range, meaning his challenge is within the scope of his waiver. Brewer nonetheless argues that the appeal waiver does not bar his appeal because the

Government failed to prove that (1) Brewer knowingly agreed to waive his right to appeal and (2) enforcing the waiver would not result in a miscarriage of justice. Both arguments fail.

First, the fact that Brewer signed a plea agreement that contained an appeal waiver and verbally assented at his change of plea hearing "generally indicate[s]" that he made a knowing and voluntary waiver. *See id.* at 416. Brewer argues that the Government cannot prove his waiver was knowing and voluntary because the magistrate judge did not ask whether Brewer understood the difference between an upward departure or variance and an upward adjustment to a sentence or the effect of the sentencing guidelines on his waiver. This argument is unavailing. At his change of plea hearing, Brewer confirmed that he had discussed his plea agreement with his counsel and that he understood its terms. He also acknowledged that he would be giving up his appeal rights barring certain limited exceptions and stated that he was satisfied with his counsel's representation. *See United States v. Guzman*, 707 F.3d 938, 941-42 (8th Cir. 2013) (concluding appeal waiver was valid because the district court had confirmed that defendant had reviewed his plea agreement with counsel, understood the terms of the appeal waiver, and was aware of the nature of the charges and consequences of his plea). We thus find that Brewer knowingly and voluntarily waived his right to appeal the substantive reasonableness of his within-guidelines sentence.

Second, nothing in the record suggests that Brewer's sentence was illegal or otherwise likely to result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (en banc) (cautioning that the miscarriage-of-justice "exception is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid"). Brewer—insisting that he did not knowingly and voluntarily waive his appeal rights—argues that enforcing his waiver would necessarily result in a miscarriage of justice. Because we determine Brewer knowingly and voluntarily waived his rights to appeal, this argument fails.

Accordingly, we affirm the district court's application of the enhancement and otherwise dismiss the appeal.

_____