# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2021

Lyle W. Cayce
Clerk

No. 20-60524
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodney Renchie,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:19-CR-35-2

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Rodney Renchie pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. He was sentenced to 240 months of imprisonment and five years of supervised release. On appeal, Renchie argues that the district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

court erred by applying U.S.S.G. § 2D1.1(b)(5), which provides for a two-level enhancement for an offense involving imported methamphetamine. Relying on the appeal waiver provision in Renchie's plea agreement, the Government moves to dismiss the appeal. Renchie has indicated that he opposes the motion, but he has not filed a response.

We review the validity of an appeal waiver *de novo*. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The waiver provision in Renchie's plea agreement waived his right to appeal the sentence on any ground whatsoever, except for ineffective assistance of counsel. The record shows that the waiver was knowing and voluntary, as Renchie knew he had the right to appeal and that he was giving up that right in the plea agreement. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Renchie's opening brief neither mentions the waiver nor explains why the appeal is nevertheless being brought. Once the Government moved to dismiss the appeal based on the appeal waiver, Renchie should have conceded the point or sought to show that the appeal concerned issues that were outside of the terms of the waiver. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Because the plain language of the waiver applies to his sentencing claim, the motion to dismiss is GRANTED, and the Government's alternative motion for summary affirmance is DENIED. *See United States v. Bond*, 414 F.3d 542, 544, 546 (5th Cir. 2005). Counsel for Renchie is CAUTIONED that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.